SCANNED

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALVIN CHESS, Individually and On Behalf of All Others Similarly Situated, | : | CIVIL ACTION NO. |
| | : | **04 - 30037 - MAP** |
| Plaintiff, | : | |
| | : | |
| v. | : | **CLASS ACTION COMPLAINT** |
| | : | |
| WAVE SYSTEMS CORP., STEVEN K. SPRAGUE and GERARD T. FEENEY, | : | DOCKETED |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

FILING FEE PAID:
RECEIPT # _305520_
AMOUNT $ _150.00_
BY DPTY CLK _MBb_
DATE _2/20/04_

### NATURE OF THE ACTION

1.      This is a federal class action on behalf of a class of all persons other than

defendants who purchased the common stock of Wave Systems Corp. between July 31, 2003

and December 18, 2003, inclusive (the "Class Period"), and who were damaged thereby,

seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

2.      Wave Systems Corp. is a development-stage company that develops, produces

and markets hardware- and software-based digital security products for the Internet and e-

commerce.

3.      During the Class Period, Wave filed financial reports with the SEC which

purported to accurately reflect the Company's operating results and financial conditions.

Unbeknownst to Class members, certain public statements made by Wave during and around

August 2003 as well as certain trading in Wave's securities may have been inappropriate.

On December 18, 2003, the Company announced that the SEC had commenced a formal investigation into certain matters relating to Wave.

4.    In reaction to this announcement, the price of Wave common stock dropped by approximately 17.13% to close at $1.50 per share.

## JURISDICTION AND VENUE

5.    The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, (15 U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

6.    This Court has jurisdiction over the subject matter of this action pursuant to § 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

7.    Venue is proper in this Judicial District pursuant to § 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b). Many of the acts and transactions alleged herein, including the preparation and dissemination of materially false and misleading information, occurred in substantial part in this Judicial District. Additionally, the Company maintains a principal executive office in this Judicial District.

8.    In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

9.    Plaintiff Alvin Chess bought shares of Wave Systems during the Class Period and has suffered damages as a result of the wrongful acts of defendants as alleged herein.

10.    Defendant Wave System is a Delaware corporation that maintains office within this judicial district at 480 Pleasant Street, Lee, Massachusetts 01238.

11.    Defendant John E. Bagalay, Jr., Ph.D., ("Bagalay") is Chairman of the Board of Directors.

12.    Defendant Steven K. Sprague ("Sprague") is the Company's President and Chief Executive Officer. Sprague signed the 10-Q for the quarterly period ending September 30, 2003.

13.    Defendant Gerald T. Feeney ("Feeney") is the Company's Chief Operating Officer. Feeney signed the 10-Q for quarterly period ending September 30, 2003.

14.    Defendants Bagalay, Sprague and Feeney are collectively referred to hereinafter as the "Individual Defendants." During the Class Period, each of the Individual Defendants, as senior executive officers and/or directors of Wave Systems were privy to non-public information concerning its business, finances, products, markets and present and future business prospects via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof and via reports and other information provided to them in connection therewith. Because of their possession of such information, the Individual Defendants knew or recklessly disregarded the fact that adverse facts specified herein had not been disclosed to, and were being concealed from, the investing public.

15.    Because of the Individual Defendants' positions with the Company, they had access to the adverse undisclosed information about the Company's business, operations, operational trends, financial statements, markets and present and future business prospects

3

via access to internal corporate documents (including the Company's operating plans, budgets and forecasts and reports of actual operations compared thereto), conversations and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof and via reports and other information provided to them in connection therewith.

16.    It is appropriate to treat the Individual Defendants as a group for pleading purposes and to presume that the false, misleading and incomplete information conveyed in the Company's public filings, press releases and other publications as alleged herein are the collective actions of the narrowly defined group of defendants identified above. Each of the offices of Wave Systems, by virtue of their high-level positions with the Company, directly participated in the management of the Company, was directly involved in the day-to-day operations of the Company at the highest levels and was privy to confidential proprietary information concerning the Company and its business, operations, growth, financial statements, and financial condition, as alleged herein. Said defendants were involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein, were aware, or recklessly disregarded, that the false and misleading statements were being issued regarding the Company, and approved or ratified these statements, in violation of the federal securities laws.

17.    As offices and controlling persons of a publicly-held company whose common stock was, and is, registered with the SEC pursuant to the Exchange Act, and was traded on the NASDAQ, and governed by the provisions of the federal securities laws, the Individual Defendants each had a duty to disseminate prompt, accurate and truthful information with

4

respect to the Company's financial condition and performance, growth, operations, financial statements, business, markets, management, earnings and present and future business prospects, and to correct any previously-issued statements that had become materially misleading or untrue, so that the market price of the Company's publicly-traded common stock would be based upon truthful and accurate information. The Individual Defendants' misrepresentations and omissions during the Class Period violated these specific requirements and obligations.

18.    The Individual Defendants participated in the drafting, preparation, and/or approval of the various public and shareholder and investor reports and other communications complained of herein and were aware of, or recklessly disregarded, the misstatements contained therein and omissions therefrom, and were aware of their materially false and misleading nature. Because of their Board membership and/or executive and managerial positions with Wave Systems, each of the Individual Defendants had access to the adverse undisclosed information about Wave Systems' financial condition and performance as particularized herein and knew or recklessly disregarded that these adverse facts rendered the positive representations made by or about Wave Systems and its business issued or adopted by the Company materially false and misleading.

19.    The Individual Defendants, because of their positions of control and authority as officers and/or directors of the Company, were able to and did control the content of the various SEC filings, press releases and other public statements pertaining to the Company during the Class Period. Each Individual Defendant was provided with copies of the documents alleged herein to be misleading prior to or shortly after their issuance and/or had

5

the ability and/or opportunity to prevent their issuance or cause them to be corrected. Accordingly, each of the Individual Defendants is responsible for the accuracy of the public reports and releases detailed herein and is therefore primarily liable for the representations contained therein.

20.    Each of the defendants is liable as a participant in a fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of Wave Systems common stock by disseminating materially false and misleading statements and/or concealing material adverse facts.  The scheme: (1) deceived the investing public regarding Wave Systems' business, operations, management and the intrinsic value of Wave Systems' common stock; and (2) caused Plaintiff and other members of the Class to purchase Wave Systems' common stock at artificially inflated prices.

## CLASS ACTION ALLEGATIONS

21.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired the common stock of Wave Systems between July 31, 2003 and December 18, 2003, inclusive, (the "Class Period") and who were damaged thereby. Excluded from the Class are defendants, the officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

22.    The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time

and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.

23.    Plaintiff's claims are typical of the claims of the members of the Class, because plaintiffs and all of the Class members sustained damages arising out of defendants' wrongful conduct complained of herein.

24.    Plaintiff will fairly and adequately protect the interests of the Class members and has retained counsel who are experienced and competent in class actions and securities litigation.

25.    Questions of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that defendants have acted on grounds generally applicable to the entire Class.  Among the questions of law and fact common to the Class are:

(a)    whether the federal securities laws were violated by defendants' acts as alleged herein;

(b)    whether statements made by defendants to the investing public during the Class Period misrepresented material facts abut the business, operations and financial statements of Wave; and

(c)    to the extent the members of the Class have sustained damages and the proper measure of damages.

26.    A Class Action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the

7

expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

27.    Wave Systems is the leader in delivering trusted computing applications and services with advanced products, infrastructure and solutions across multiple trusted platforms from a variety of vendors. Wave holds a portfolio of significant fundamental patents in security and e-commerce applications and employs some of the world's leading security systems architects and engineers.

28.    On July 31, 2003, Wave Systems announced an agreement with Intel Corporation ("Intel") that would help enable both companies to accelerate the development and deployment of trusted applications and services for safer computing on personal computer platforms. The agreement would enable Intel to bundle Wave Systems' software and services with a future Intel desktop motherboard, targeted for trusted computing platforms.

29.    On August 4, 2003, Wave Systems further announced the following:

[T]he new Document Manager Vault and SmartSignature security software applications in Wave Systems' EMBASSY® Trust Suite client software family work with the IBM Embedded Security Subsystem, a hardware and software-based security solution available on select ThinkPad notebooks and ThinkCentre desktops, to create more secure applications for the business user. The compatibility of Wave Systems' security software applications with IBM's hardware and software security solution is a result of Wave's successful participation in IBM's Independent Software Vendor program. This partnership is another example of IBM's commitment to help independent software vendors use IBM's hardware and software-based security system to make computing as secure as possible for the end-user. "The early stages of any emerging market are critical. IBM has clearly established their leadership in trusted computing with their family of Embedded Security System personal computers,"

8

said Lark Allen, executive vice president, Wave Systems. "Wave's partnership with IBM will significantly help us in our objective to deliver open and interoperable solutions to business customers as trusted computing continues to evolve." Leveraging the IBM security chip for personal computers, the Wave System EMBASSY Trust Suite Client Business Edition includes the first of many new applications aimed to business users: Wave's Document Manager Vault and SmartSignature. Wave's EMBASSY Trust Suite represents one of the first portfolios of user software applications, administrative tools, and trust-based systems developed specifically around the new Trusted Computing Group ("TCG") specification.

30.    The combined effect of the defendants' announcements referenced in ¶¶ 28 and 29 caused Wave Systems stock to soar. Shares of Wave Systems gained 21.1%, or $0.77 per share to close at $4.42 per share on August 4, 2003.

31.    Shortly after making the announcements referenced in ¶¶ 28 and 29, defendant Feeney sold 100,000 shares of Wave Systems at $5.00 per share for proceeds totaling $500,000 on August 5, 2003. On August 6, 2003, defendant Sprague sold 150,000 shares of Wave Systems at $4.10 per share for proceeds totaling $615,000.

32.    Wave issued a press release on August 14, 2003 entitled "Wave Systems Reports Q2/First Half Results and Highlights Increased Market Momentum" which states in part:

> Steven Sprague, Wave's President and CEO, said "After years of hard work in developing trusted computing solutions, Wave is gratified that industry leaders are now actively embracing this issue, particularly with the formation of the Trusted Computing Group. With announced partnerships with some of the industry's most important participants and an improved financial position, Wave feels it now has established the momentum to play a key role as this very large potential market develops."

*    *    *

Recent Wave Systems developments

9

- Intel
- IBM
- Funding
- Cubic Defense Applications
- Trusted Computing Group (TCG)

33.    On November 13, 2003, Wave issued a press release providing an update on corporate progress and reviews of its third quarter. The press release stated in part:

> Steven Sprague, Wave's President and CEO, said, "We can now clearly see the growing momentum for trusted computing in the marketplace, and we expect substantial growth in volumes over the course of the next four quarters."
>
> "Wave has clearly focused in establishing technological and market leadership in this space as a services and infrastructure provider. We have delivered products that are easy to install, easy to configure, easy to use and are what business users really need."

34.    The statements referenced above in ¶¶ 28 and 29 and defendants' Sprague's statement in ¶¶ 32 and 33 were each materially false and misleading because they failed to disclose and misrepresented the following material adverse facts which were known to defendants or recklessly disregarded by them: (1) that Intel would not be entering into a revenue producing licensing agreement with the Company; (2) that the Intel contract did not require Intel to purchase any software; and (3) that IBM was not embedding Wave Systems' software into IBM computers; and (4) that the IBM transaction would provide no direct revenue to the Company.

35.    On November 19, 2003, the Company announced that it had completed a $7.1 million private placement of Class A common stock and warrants with a group of institutional and accredited investors. The financing is intended to fund Wave Systems' ongoing operations, specifically its sales and marketing efforts, as well as its engineering,

development and customer support teams and its general corporate overhead.... J.P. Carey Securities acted as the agent for the private placement.

36.     On December 18, 2003, Wave Systems reported that the SEC had commenced a formal investigation into certain matters relating to Wave Systems. The SEC's investigation order, received by Wave Systems on December 17, 2003, related to certain public statements made by Wave Systems during and around August 2003, as well as certain trading in Wave Systems' securities during such time.

37.     News of this shocked the financial market. Shares of Wave Systems fell 17.13%, or $0.31 per share, to close at $1.50 per share on extremely high volume on December 19, 2003.

## UNDISCLOSED ADVERSE FACTS

38.     The market for Wave Systems' common stock was open, well-developed and efficient at all relevant times. As a result of these materially false and misleading statements and failures to disclose, Wave Systems' common stock traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Wave Systems common stock relying upon the integrity of the market price of Wave Systems' common stock and market information relating to Wave Systems, and have been damaged thereby.

39.     During the Class Period, defendants materially misled the investing public, thereby inflating the price of Wave Systems' common stock, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make defendants' statement, as set forth herein, not false and misleading. Said statements and omissions were

11

materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein.

40.    At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by plaintiff and other members of the Class. As described herein, during the Class Period, defendants made or caused to be made a series of materially false or misleading statements about Wave Systems' business, prospects and operations.  These material misstatements and omissions had the cause and effect of creating in the market an unrealistically positive assessment of Wave Systems and it business, prospects and operations, thus causing the Company's common stock to be overvalued and artificially inflated at all relevant times.  Defendants' materially false and misleading statements during the Class Period resulted in plaintiff and other members of the Class purchasing the Company's common stock at artificially inflated prices, thus causing the damages complained of herein.

## ADDITIONAL SCIENTER ALLEGATIONS

41.    As alleged herein, defendants acted with scienter in that defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violation of the federal securities laws.  As set forth elsewhere herein in detail, defendants, by virtue of their receipt of information reflecting the true facts regarding Wave Systems, their

12

control over, and/or receipt and/or modification of Wave Systems' allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Wave Systems, participated in the fraudulent scheme alleged herein.

42.    Defendants knew and/or recklessly disregarded the falsity and misleading nature of the information which they caused to be disseminated to the investing public. The ongoing fraudulent scheme described in this Complaint could not have been perpetrated over a substantial period of time, as has occurred, without the knowledge and complicity of the personnel at the highest level of the Company, including the Individual Defendants.

43.    As stated above, defendant Feeney sold 100,000 shares of Wave Systems at $5.00 per share for proceeds totaling $500,00 on August 5, 2003 just one day after the Company's announcement concerning its product. On August 6, 2003, defendant Sprague sold 150,000 shares of Wave Systems at $4.10 per share for proceeds totaling $615,000.

44.    Additionally, defendants were able to complete a $7.1 million private placement on November 19, 2003.

## APPLICABILITY OF PRESUMPTION OF RELIANCE:
## FRAUD-ON-THE-MARKET DOCTRINE

45.    At all relevant times, the market for Wave Systems' common stock was an efficient market for the following reasons, among others:

(a)    Wave Systems' stock met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

13

(b)    As a regulated issuer, Wave Systems filed periodic public reports with the SEC and the NASDAQ;

(c)    Wave Systems regularly communicated with public investors <u>via</u> established market communications mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

(d)    Wave Systems was followed by several securities analysts employed by major brokerage firms who wrote reports which were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

46.    As a result of the foregoing, the market for Wave Systems' common stock promptly digested current information regarding Wave Systems from all publicly available sources and reflected such information in Wave Systems' stock price.  Under these circumstances, all purchasers of Wave Systems' common stock during the Class Period suffered similar injury through their purchase of Wave Systems' common stock at artificially inflated prices and a presumption of reliance applies.

## NO SAFE HARBOR

47.    The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. Many of the specific statements pleaded herein were not identified as "forward-looking statements" when made. To the extent there were any forward-looking statements,

14

there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking statements pleaded herein, defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the particular speaker knew that the particular forward-looking statements was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of Wave Systems who knew that those statements were false when made.

### FIRST CLAIM

### Violation of Section 10(b) of
### The Exchange Act and Rule 10b-5
### Promulgated Thereunder Against All Defendants

48.    Plaintiff repeats and reiterates the allegation set forth above as though fully set forth herein. This claim is asserted against all defendants.

49.    During the Class Period, defendant Wave Systems and the Individual Defendants, and each of them, carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (a) deceive the investing public, including plaintiff and other Class members, as alleged herein; (b) artificially inflate and maintain the market price of Wave Systems' common stock; and (c) cause plaintiff and other members of the Class to purchase Wave Systems' common stock at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, defendants Wave Systems and the Individual Defendants, and each of them, took the actions set forth herein.