50. These defendants: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Wave Systems' securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. These defendants are sued either as primary participants in the wrongful and illegal conduct charged herein. The Individual Defendants are also sued as controlling persons of Wave Systems, as alleged below.

51. In addition to the duties of all disclosure imposed on defendants as a result of their making of affirmative statements and reports, or participation in the making of affirmative statements and reports to the investing public, they each had a duty to promptly disseminate truthful information that would be material to investors in compliance with the integrated disclosure provisions of the SEC as embodied in SEC Regulations S-X (17 C.F.R. § 210.01 et seq.) And S-K (17 C.F.R. § 229.10 et seq.) And other SEC regulations, including accurate and truthful information with respect to the Company's operations, financial condition and performance so that the market prices of the Company's common stock would be based on truthful, complete and accurate information.

52. Wave Systems and the Individual Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse

material information about the business, business practices, performance, operations and future prospects of Wave Systems as specified herein.

53. These defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Wave Systems' value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about Wave Systems and its business operations and future prospects in the light of the circumstances under which they made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of Wave Systems' securities during the Class Period.

54. Each of the Individual Defendants' primary liability, and controlling persons liability, arises from the following facts: (a) each of the Individual Defendants was a high-level executive and/or director at the Company during the Class Period; (b) each of the Individual Defendants, by virtue of his responsibilities and activities as a senior executive officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (c) the Individual Defendants enjoyed significant personal contact and familiarity with each other and were advised of and had access to other members of the Company's management team, internal reports, and other data and information about the Company's financial condition and performance at all relevant times; and (d) the Individual Defendants were aware of the

Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

55. These defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Wave Systems' operating condition, business practices and future business prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by defendants' overstatements and misstatements of the Company's financial condition and performance throughout the Class Period, the Individual Defendants, if they did no t have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

56. As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of Wave Systems' securities were artificially inflated during the Class Period. In ignorance of the fact that market prices of Wave Systems' common stock were artificially inflated, and relying directly or indirectly on the false and misleading statements made by defendants, or upon the integrity of the market in which the securities trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by defendants but not disclosed in public statements by defendants during the Class Period, plaintiff and the other members of

the Class acquired Wave Systems securities during the Class Period at artificially high prices and were damaged thereby.

57. At the time of said misrepresentations and omissions, plaintiff and other member of the Class were ignorant of their falsity, and believed them to be true. Had plaintiff and the other members of the Class and the marketplace known of the true performance, business practices, future prospectus and intrinsic value of Wave Systems, which were not disclosed by defendants, plaintiff and other members of the Class would not have purchased or otherwise acquired their Wave Systems common stock during the Class Period, or, if, if they had acquired such securities during the Class Period, they would not have done so at artificially inflated prices which they paid.

58. By virtue of the foregoing, Wave Systems and the Individual Defendants have each violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

59. As a direct and proximate result of defendants' wrongful conduct, plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## SECOND COUNT

### Violation Of Section 20(a) Of The Exchange Act
### Against the Individual Defendants

60. Plaintiff repeats and reiterates the allegations as set forth above as if set forth fully herein. This claim is asserted against the Individual Defendants.

61. Each of the Individual Defendants acted as a controlling person of Wave Systems within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue

19

of their high-level positions with the Company, participation in and/or awareness of the Company's operations and/or intimate knowledge of the Company's actual performance, the Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which plaintiff contends are false and misleading. Each of the Individual Defendants was provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

62.    In addition, each of the Individual Defendants had direct involvement in the day-to-day operations of the Company, and therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

63.    As set forth above, Wave Systems and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their controlling positions, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' wrongful conduct, plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

**WHEREFORE**, plaintiff prays for relief and judgment as follows:

A.  Determining that this action is a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and plaintiff's counsel as Lead Counsel;

B.  Awarding compensatory damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.  Awarding plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.  Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: February 18, 2004

**SHAPIRO HABER & URMY LLP**

*/s/ Theodore M. Hess-Mahan*
Thomas G. Shapiro BBO #454680
Theodore M. Hess-Mahan BBO #557109
75 State Street
Boston, MA 02109
Telephone: 617-439-3939
Fax: 617-439-0134

**LAW OFFICES BERNARD M. GROSS, P.C.**
**DEBORAH R. GROSS**
**SUSAN R. GROSS**
1515 Locust Street, Second Floor
Philadelphia, PA 19102
Telephone: 215-561-3600
Fax: 215-561-3000

Attorneys for Plaintiff

LAW OFFICES BERNARD M. GROSS, P.C.

**AFFIDAVIT OF ALVIN CHESS**

1. I, ALVIN CHESS have reviewed the Complaint and have authorized the filing of same;

2. I did not purchase the securities that are the subject of the Complaint at the direction of plaintiffs' counsel or in order to participate in any private action arising under this title;

3. I am willing to serve as class representative and provide testimony at deposition and trial if necessary;

4. My transaction(s) in Wave Systems, during the time period from July 31, 2003 through February 2, 2004 are set forth below:

| Date | Purchase(s) or Sales(s) | Amount | Price |
|---|---|---|---|
| 8/18/03 | bought | 1,200 @ $3.31 | 4,027.00 |

5. During the previous three years, I have/have not been a lead plaintiff in the any securities fraud class actions.

6. I will not accept any payment for serving as a class representative beyond my pro rata share of any recovery, except as ordered or approved by the Court with respect to an award for reasonable costs and expenses (including lost wages).

I declare under penalty of perjury that the foregoing is true and correct. Executed this ___ day of _____, 2004, at _____.(City/state)

X _____
(Signature/address)

Please fax certification to 215-561-3000 or mail to: Law Offices Bernard M. Gross, P.C. 1515 Locust St., 2nd Floor, Philadelphia, PA 19102, 866-561-3000 (toll-free).